# IN THE COURT OF APPEALS OF IOWA

No. 19-0255
Filed July 24, 2019

**IN THE INTEREST OF S.K.,**
**Minor Child,**

**A.L., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Anne M. Rohling of Rohling Law, PLLC, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Maura C. Goaley, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

The mother, Ashley, did not sufficiently address her substance-abuse issues to resume care of her child, S.K., and termination of her parental rights is supported under Iowa Code section 232.116(1)(h) (2018).

We review termination proceedings de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "Our primary concern . . . has always been the best interests of the child[ren]." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019). We begin by considering the statutory grounds. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774. The juvenile court terminated Ashley's parental rights under paragraphs (b), (e), (g), (h), and (*l*) of Iowa Code section 232.116(1). We consider the grounds of section 232.116(1)(h), which allows the court to terminate parental rights if all of the following factors are met:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Ashley contends the State did not show S.K. cannot be returned to her custody.

S.K. was born in November 2017 and removed from her parents immediately upon birth when hospital staff observed and reported to the department of human services (DHS) unusual behavior by the parents. Previously,

Ashley had her parental rights terminated to four other biological children based on her unresolved substance-abuse issues.[1] Ashley reported she has used methamphetamine since she was fourteen years old. She tested positive for methamphetamine while pregnant with S.K. DHS initiated child-in-need-of-assistance (CINA) proceedings, and S.K. was placed in foster care. During these CINA proceedings, Ashley completed substance-abuse and mental-health evaluations but never followed through with or completed treatment. She tested positive for methamphetamine in May 2018 and missed nine random drug screens in total. She was dishonest in substance-abuse treatment about her use, reporting she was sober even though she tested positive or missed tests.

S.K. was born with a significant health issue requiring surgery and specialized medical care. She vomits frequently and suffers breathing abnormalities. At times, she has been dangerously underweight, but recently she has been improving in her physical condition. Cognitively, she shows some signs of developmental delays but requires further testing and evaluation. She will require continuing treatment and consistent care.

Although at one point Ashley had overnight visits with S.K., she repeatedly called the family safety, risk, and permanency (FSRP) worker to end the visits early because she was unable to console S.K. or put S.K. to sleep or because she had to work the next morning. The DHS withdrew overnight visits and offered semi-supervised visits. Once Ashley tested positive for methamphetamine in May 2018, DHS offered only supervised visits. Generally, though, no safety concerns were

---

[1] S.K.'s purported father's parental rights were also terminated, and he does not join in this appeal.

noted at supervised visits; Ashley was able to provide appropriate care without prompting. She was also able to purchase appropriate equipment and toys for S.K.

Ashley has been inconsistently employed during this CINA case—she has reported obtaining and leaving multiple jobs in restaurants and hotels. She moved out of her father's home and rented her own apartment in May 2018, but the electricity was turned off in September for lack of payment.

In September, the State filed a petition to terminate parental rights. Following the hearing, the court terminated Ashley's rights. On our review of the record, we find the evidence is clear and convincing that S.K. could not be returned to Ashley's custody. Although on appeal Ashley contends she has been sober, she had a positive drug test and missed nine random tests during these proceedings. She complains she missed the tests because she was working. Most significantly, she also has not completed any ordered substance-abuse or mental-health treatment and was not truthful to service providers and DHS about her use. "[U]nresolved, severe, and chronic drug addiction can render a parent unfit to raise children" by exposing the children to "hazards [that] are too great." *A.B.*, 815 N.W.2d at 776. Ashley has been using methamphetamine since she was fourteen, and it has caused her to lose her parental rights to her other children; she still has not addressed her addiction or demonstrated sufficient sobriety to ensure S.K.'s safety in her care.

In addition, although supervised visitation went well, Ashley was unable to care for S.K. on her own during multiple unsupervised overnight visitations and had to ask they be terminated early. Considering S.K.'s medical condition and her

need for specialized, consistent, and timely care, Ashley is unable to meet those needs at this time. Although she has obtained her own apartment, Ashley's employment has been inconsistent and she has been unable to pay her bills to provide a habitable home environment for S.K. S.K. is currently placed with a foster family who is able to meet her needs and see to her medical care. She has been out of Ashley's custody almost her entire life. The evidence is clear and convincing Ashley cannot resume custody of S.K. at this time. The State established the statutory basis for termination under section 232.116(1)(h), and accordingly, we affirm termination of Ashley's parental rights.

**AFFIRMED.**